IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARVEL MARTINEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AVANTUS, LLC,<br><br>Defendant. | CASE NO.<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

## PRELIMINARY STATEMENT

Plaintiff Marvel Martinez, on behalf of himself and all others similarly situated, files this Class Action Complaint against Defendant Avantus, LLC ("Avantus" or "Defendant"). Plaintiff alleges, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1. This is a consumer class action based upon Defendant's widespread violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA").

2. Defendant violates the important protections in the FCRA by improperly associating innocent consumers with terrorists, narcotics traffickers, money launderers, arms dealers, and other criminals subject to U.S. government sanctions.

3. Defendant's conduct deprives consumers of their rights under federal law and results in widespread harm.

## PARTIES

4.  Plaintiff Marvel Martinez is a "consumer" as protected and governed by the FCRA, residing in McKinney, Texas.

5.  Defendant Avantus, LLC is a Connecticut company headquartered at 600 Saw Mill Road, West Haven, Connecticut 06516.

## JURISDICTION & VENUE

6.  The Court has federal question jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Avantus is headquartered in this District.

## FACTUAL ALLEGATIONS

**A. The United States Treasury Department's Office of Foreign Assets Control and Its List of Specially Designated Nationals and Blocked Persons**

8.  The United States Treasury Department's Office of Foreign Assets Control ("OFAC") "administers and enforces economic trade sanctions based on U.S. foreign policy and national security goals against threats to national security, foreign policy or economy of the United States." *Ramirez v. Trans Union, LLC*, 301 F.R.D. 408, 413 (N.D. Cal. 2014) (citation omitted), *aff'd in relevant part*, 951 F.3d 1008 (9th Cir. 2020).[1]

9.  OFAC directs those sanctions at, among others, terrorists, international narcotics traffickers, and persons involved in the proliferation of weapons of mass destruction, and publishes a list of those "Specially Designated Nationals" ("SDNs") and "Blocked Persons" on its website (the "OFAC List").[2]

---

[1] *See also*, U.S. DEP'T OF THE TREASURY, *OFAC FAQs: General Questions*, https://www.treasury.gov/resource-center/faqs/Sanctions/Pages/faq_general.aspx (last visited November 24, 2020).

[2] UNITED STATES TREASURY DEP'T, *Specially Designated Nationals and Blocked Persons List*, https://www.treasury.gov/ofac/downloads/sdnlist.pdf (last visited November 24, 2020).

2

10. Persons on the OFAC List are legally ineligible for credit in the United States, may not be employed, and may even be subject to deportation or criminal prosecution.

11. The full OFAC List as maintained by the Treasury Department is publicly available information, and whether a person is on the OFAC List is a matter of public record.

12. Persons in the United States are generally prohibited from doing business with, including extending credit to, individuals on the OFAC List. Noncompliance carries potential civil and criminal penalties. *See* 31 C.F.R. § 501 App. A, II.

### B. OFAC Information On Consumer Reports Is Regulated By Federal Law

13. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010).

14. The FCRA requires that CRAs "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

15. The maximum possible accuracy standard "requires more than merely allowing for the *possibility* of accuracy," meaning that CRAs do meet that standard by suggesting that certain consumers as "possible" matches for individuals on the OFAC List. *Ramirez v. Trans Union, LLC*, No.12-cv-00632-JSC, 2017 WL 1133161, at *5 (N.D. Cal. Mar. 27, 2017) (quoting *Cortez*, 617 F.3d at 709) (emphasis added).

16. In 2010 in *Cortez*, the U.S. Court of Appeals for the Third Circuit found that OFAC information is subject to the maximum possible accuracy standard, and that a CRA acted "reprehensibly" and was in willful violation of FCRA section 1681e(b) by using only first and last name to associate consumers with criminals on the OFAC list. 617 F.3d at 707-08, 723.

3

17. Later, a court in the Northern District of California certified the FCRA section 1681e(b) claims of a class of 8,192 individuals who a CRA inaccurately associated with the OFAC list. *Ramirez v. Trans Union, LLC*, 301 F.R.D. 408, 413 (N.D. Cal. 2014). A jury found that the CRA's matching procedures willfully violated the FCRA. *Ramirez v. Trans Union, LLC*, No. 3:12-cv-632-JSC, 2017 WL 5153280, at *2-3 (N.D. Cal. Nov. 7, 2017) (upholding jury's verdict).

18. Moreover, CRAs may not shift their duty to assure accuracy onto the users of the information that they sell. *Ramirez*, 2017 WL 1133161, at *4 (*citing* Cortez, 617 F.3d at 708).

### C. Defendant's Sale of OFAC Records

19. Defendant regularly compiles information bearing on consumers' creditworthiness, including credit tradelines and public records, and includes this information on reports for the purposes of evaluating consumers' eligibility for credit.

20. Defendant is a consumer reporting agency regulated by the FCRA.

21. Avantus is well aware of implications of noncompliance with federal regulations pertaining to doing business with individuals on the OFAC list, and markets itself as a reliable source of information with respect to compliance with OFAC sanctions.[3]

22. Avantus offers a product which conducts a search of the OFAC and includes the results of this search on the consumer report.[4]

23. Avantus conducts this search using only the name of the individual who is the subject of the consumer report as a matter of standardized practice, despite the available guidance from the Third Circuit in *Cortez* and the Ninth Circuit in *Ramirez*.

---

[3] *See* https://www.avantus.com/products-services.shtml# (last visited November 24, 2020).
[4] *Id.*

4

24. Avantus fails to follow reasonable procedures to assure the maximum possible accuracy of the OFAC information it sells about consumers, regularly making inaccurate associations between innocent people with criminals on the OFAC list.

25. Avantus's practices for including references to OFAC information on the consumer reports it sells are uniform and not unique to each consumer or transaction.

26. Avantus fails to use all of the available information about consumers to determine whether to associate them with criminal on the OFAC list, and does not use the available information to rule out clear mismatches, even when they are evident on the face of the report.

27. Defendant does this because it wants to provide some OFAC-related information to its customers (accurate or not), in order to maximize its profits and advertise that its products "work."

28. Defendant thus intentionally employs procedures that maximize the likelihood of a match between a data on the OFAC list and consumers, compromising accuracy.

29. Defendant's reporting of OFAC reporting is furthermore misleading because it inaccurately suggests that the search of the OFAC list has been conducted by some other entity, stating that "your credit provider has checked the applicant(s) name(s) supplied by the borrower" against the OFAC list, and that the OFAC message is "returned by your credit provider."

30. It is Avantus, and not any other entity, that decides whether to place an OFAC alert on one of its credit reports, as Avantus clearly states in its own marketing materials.[5]

31. Defendant's reporting of OFAC alert information is not accidental, but instead a result of deliberately designed policies and procedures.

---

[5] *See* https://www.avantus.com/products-services.shtml (last visited November 24, 2020) ("*Avantus* can perform this search automatically with every credit report you pull. *Avantus* searches the [OFAC list], updating the lists hourly...." (emphasis added).

5

32.     At all relevant times, Defendant's conduct, as well as that of its agents, servants, and/or employees who were acting within the course and scope of their agency or employment and under the direct supervision and control of Defendant, was intentional, willful, reckless, and in grossly negligent disregard for the rights of consumers, including Plaintiff.

### D. The Experience of Plaintiff Marvel Martinez

33.     On or around September 6, 2020, Plaintiff applied for pre-approval for a mortgage with Nexa Mortgage Group, LLC ("Nexa"), and provided his full name, date of birth, address, and social security number on the application.

34.     Nexa requested a consumer report about Plaintiff from Avantus, and provided Plaintiff's full personal identifying information.

35.     On September 6, 2020, Avantus prepared and sold to Nexa a consumer report about Plaintiff.

36.     Avantus included on the first page of the report, under the header "FRAUD MESSAGES" the OFAC record of a "Maria Icela Chavez Martinez," a Mexican drug trafficker with the date of birth November 7, 1967.

37.     Plaintiff is not on the OFAC list or any other government watch list, and his name does not match any name on the OFAC SDN list.

38.     Plaintiff's year of birth is 1984.

39.     The only item of matching information between Plaintiff and the OFAC record is the very common last name "Martinez."

40.     Despite having been provided with Plaintiff's full name, address, social security number, and date of birth, Avantus used a loose partial name matching procedure to determine whether to include the OFAC information on the consumer report.

41.     Plaintiff's application for mortgage pre-approval was denied based upon the OFAC information on the report.

42.     Plaintiff was furthermore told that no mortgage lender would make a loan to him based upon the OFAC information on the report.

43.     As a result of Avantus's inaccurate reporting of the OFAC information, Plaintiff was denied credit, and sustained other damages including harm to reputation and emotional distress.

## CLASS ACTION ALLEGATIONS

44.     Plaintiff brings this action on behalf of the following Class:

All natural persons residing in the United States and its Territories about whom Defendant sold a consumer report to a third party that included any OFAC record, during the period beginning five (5) years prior to the filing of the Complaint and continuing through the date of the resolution of this case.

45.     Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

46.     **Numerosity. Fed. R. Civ. P. 23(a)(1).** The members of the Class are so numerous that joinder of all is impractical. Upon information and belief, the number of consumers harmed by Defendant's practices are more numerous than what could be addressed by joinder, and those persons' names and addresses are identifiable through documents or other information maintained by Defendant.

47.     **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class, and predominate over the questions affecting only individuals. The common legal and factual questions include, among others: (1) whether Avantus maintains reasonable procedures to assure

maximum possible accuracy of the OFAC information on its consumer reports; and (2) whether Avantus acted willfully or negligently.

48.     **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of each Class Member. Plaintiff has the same claims for relief that he seeks for absent Class Members.

49.     **Adequacy. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests are aligned with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Class.

50.     **Predominance and Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class to individually redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## CAUSE OF ACTION

## COUNT I
## (CLASS CLAIM)
## <u>15 U.S.C. § 1681e(b)</u>

51.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length here.

52.   Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable for negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it sold in violation of 15 U.S.C. § 1681e(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for relief as follows:

a. An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

b. An award of actual, statutory and punitive damages for Plaintiff and the Class;

c. An award of pre-judgment and post-judgment interest as provided by law;

d. An award of attorney's fees and costs; and

e. Such other relief as the Court deems just and proper.

## TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

RESPECTFULLY SUBMITTED AND DATED this 25st day of November, 2020.

THE PLAINTIFF

BY /s/

Sarah Poriss, Esq.
777 Farmington Avenue
West Hartford, CT 06119
T: 860-233-0336
F: 866-424-4880
E: sarahporiss@prodigy.net
Fed. Bar No. Ct24372


James A. Francis*
E: jfrancis@consumerlawfirm.com
John Soumilas*
E: jsoumilas@consumerlawfirm.com
Lauren KW Brennan *
E: lbrennan@consumerlawfirm.com
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: 215.735.8600
F: 215.940.8000

*Pro hac vice applications forthcoming

Attorneys for Plaintiff