IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARVEL MARTINEZ, on behalf of    )
himself and all others similar situated,    )
   )
       Plaintiff,    )
   v.    )    Case No. 3:20-cv-01772-JCH
   )
AVANTUS, LLC,    )
   )
       Defendant.    )

## DEFENDANT AVANTUS, LLC'S ANSWER TO CLASS ACTION COMPLAINT

Defendant Avantus, LLC ("Avantus"), by and through its undersigned counsel, answers

the Plaintiff Marvel Martinez's ("Plaintiff") Class Action Complaint (the "Complaint") as follows:

### NATURE OF THE CASE

1.     This is a consumer class action based upon Defendant's widespread violations of

the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA").

**ANSWER:**    Avantus admits that Plaintiff purports to state a claim pursuant to the Fair

Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") as a putative class action. Avantus denies

that there is any basis in law or fact for such a claim and denies any remaining allegations in

paragraph 1 of the Complaint.

2.     Defendant violates the important protections in the FCRA by improperly

associating innocent consumers with terrorists, narcotics traffickers, money launderers, arms

dealers, and other criminals subject to U.S. government sanctions.

**ANSWER:**    Avantus denies the allegations in paragraph 2 of the Complaint.

3.     Defendant's conduct deprives consumers of their rights under federal law and

results in widespread harm.

**ANSWER:**   Avantus denies the allegations in paragraph 3 of the Complaint.

## PARTIES

4.      Plaintiff Marvel Martinez is a "consumer" as protected and governed by the FCRA, residing in McKinney, Texas.

**ANSWER:**   Avantus admits that Plaintiff is a consumer as that term is defined at 15 U.S.C. § 1681a(c). Avantus lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 4 of the Complaint, and therefore denies the same.

5.      Defendant Avantus, LLC is a Connecticut company headquartered at 600 Saw Mill Road, West Haven, Connecticut 06516.

**ANSWER:**   Avantus admits the allegations in paragraph 5 of the Complaint.

## JURISDICTION & VENUE

6.      The Court has federal question jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

**ANSWER:**   Avantus admits that Plaintiff purports to raise a claim which constitutes a federal question for purposes of 28 U.S.C. § 1331. Avantus denies that there is any factual or legal basis for such claims.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Avantus is headquartered in this District.

**ANSWER:**   Avantus admits that venue is proper in this district. Avantus denies that its actions in this district have involved or otherwise given rise to Avantus' violation of the FCRA or any other applicable law or regulation.

4827-0068-8602.4

## FACTUAL ALLEGATIONS

**A.     The United States Treasury Department's Office of Foreign Assets Control and Its List of Specially Designated Nationals and Blocked Persons**

8.     The United States Treasury Department's Office of Foreign Assets Control ("OFAC") "administers and enforces economic trade sanctions based on U.S. foreign policy and national security goals against threats to national security, foreign policy or economy of the United States." *Ramirez v. Trans Union, LLC*, 301 F.R.D. 408, 413 (N.D. Cal. 2014) (citation omitted), *aff'd in relevant part*, 951 F.3d 1008 (9th Cir. 2020).

**ANSWER:**     Paragraph 8 is an introductory statement to which no response is required. To the extent a response is required, Avantus specifically denies that *Ramirez* is controlling law in this circuit, and further denies that it was properly decided.

9.     OFAC directs those sanctions at, among others, terrorists, international narcotics traffickers, and persons involved in the proliferation of weapons of mass destruction, and publishes a list of those "Specially Designated Nationals" ("SDNs") and "Blocked Persons" on its website (the "OFAC List").

**ANSWER:**     Paragraph 9 is an introductory statement to which no response is required. To the extent a response is required, Avantus admits the allegations in paragraph 9.

10.     Persons on the OFAC List are legally ineligible for credit in the United States, may not be employed, and may even be subject to deportation or criminal prosecution.

**ANSWER:**     Paragraph 10 is an introductory statement to which no response is required. To the extent a response is required, is without sufficient information to form a belief as to whether certain persons listed on the OFAC list may be deported or face criminal prosecution, and therefore Avantus denies the allegations in paragraph 10.

11.     The full OFAC List as maintained by the Treasury Department is publicly available information, and whether a person is on the OFAC List is a matter of public record.

**ANSWER:**     Paragraph 11 is an introductory statement to which no response is required. To the extent a response is required, Avantus admits the allegations in paragraph 11.

12.     Persons in the United States are generally prohibited from doing business with, including extending credit to, individuals on the OFAC List. Noncompliance carries potential civil and criminal penalties. See 31 C.F.R. § 501 App. A, II.

**ANSWER:**     Paragraph 9 is an introductory statement to which no response is required. To the extent a response is required, Avantus states that 31 C.F.R. § 501 App. A, II is the best evidence of its own text, and denies any remaining allegations in paragraph 12 of the Complaint.

**B.     OFAC Information On Consumer Reports Is Regulated By Federal Law**

13.     The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010).

**ANSWER:**     Paragraph 13 is an introductory statement to which no response is required. To the extent a response is required, Avantus states that *Cortez v. Trans Union, LLC* is the best evidence of its own text, and denies any remaining allegations in paragraph 13 of the Complaint.

14.     The FCRA requires that CRAs "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

**ANSWER:**     Paragraph 14 is an introductory statement to which no response is required. To the extent a response is required, Avantus states that 15 U.S.C. § 1681e(b) is the best evidence of its own text, and denies any remaining allegations in paragraph 14 of the Complaint.

15.     The maximum possible accuracy standard "requires more than merely allowing for the possibility of accuracy," meaning that CRAs do meet that standard by suggesting that certain consumers as "possible" matches for individuals on the OFAC List. *Ramirez v. Trans Union, LLC*, No.12-cv-00632-JSC, 2017 WL 1133161, at *5 (N.D. Cal. Mar. 27, 2017) (quoting *Cortez*, 617 F.3d at 709) (emphasis added).

**ANSWER:**     Paragraph 15 is an introductory statement to which no response is required. To the extent a response is required, Avantus specifically denies that *Ramirez* is controlling law in this circuit, and further denies that it was properly decided.

16.     In 2010 in *Cortez*, the U.S. Court of Appeals for the Third Circuit found that OFAC information is subject to the maximum possible accuracy standard, and that a CRA acted "reprehensibly" and was in willful violation of FCRA section 1681e(b) by using only first and last name to associate consumers with criminals on the OFAC list. 617 F.3d at 707-08, 723.

**ANSWER:**     Paragraph 16 is an introductory statement to which no response is required. To the extent a response is required, Avantus states that *Cortez v. Trans Union, LLC* is the best evidence of its own text, and denies any remaining allegations in paragraph 16 of the Complaint.

17.     Later, a court in the Northern District of California certified the FCRA section 168le(b) claims of a class of 8,192 individuals who a CRA inaccurately associated with the OFAC list. *Ramirez v. Trans Union, LLC*, 301 F.R.D. 408, 413 (N.D. Cal. 2014). A jury found that the CRA's matching procedures willfully violated the FCRA. *Ramirez v. Trans Union, LLC*, No. 3:12-cv-632-JSC, 2017 WL 5153280, at *2-3 (N.D. Cal. Nov. 7, 2017) (upholding jury's verdict).

**ANSWER:**     Paragraph 17 is an introductory statement to which no response is required. To the extent a response is required, Avantus specifically denies that *Ramirez* is controlling law in this circuit, and further denies that it was properly decided.

18.     Moreover, CRAs may not shift their duty to assure accuracy onto the users of the information that they sell. *Ramirez*, 2017 WL 1133161, at *4 (citing *Cortez*, 617 F.3d at 708).

**ANSWER:**     Paragraph 18 is an introductory statement to which no response is required. To the extent a response is required, Avantus specifically denies that *Ramirez* is controlling law in this circuit, and further denies that it was properly decided.

**C.     Defendant's Sale of OFAC Records**

19.     Defendant regularly compiles information bearing on consumers' creditworthiness, including credit tradelines and public records, and includes this information on reports for the purposes of evaluating consumers' eligibility for credit.

**ANSWER:**     Avantus admits that as a consumer reporting agency, as defined at 15 U.S.C. § 1681a(f), and a reseller, as defined at 15 U.S.C. § 1681a(u), it assembles and merges consumer information received from the nationwide credit reporting bureaus (*i.e.*, Experian, Equifax, and TansUnion) and compiles such information into a tri-merge report, which Avantus provides to its end-users in a unified report upon certification of the end user's permissible purpose for requesting the report.  Avantus denies any remaining allegations in paragraph 19.

20.     Defendant is a consumer reporting agency regulated by the FCRA.

**ANSWER:**     Avantus admits that it is a consumer reporting agency as defined at 15 U.S.C. § 1681a(f), and more specifically, a reseller of consumer reporting information as defined in 15 U.S.C. § 1681a(u).  Avantus further admits that the FCRA governs consumer reporting activities. Avantus denies any remaining allegations in paragraph 20.

21.     Avantus is well aware of implications of noncompliance with federal regulations pertaining to doing business with individuals on the OFAC list, and markets itself as a reliable source of information with respect to compliance with OFAC sanctions.

**ANSWER:**     Avantus admits that federal law prohibits doing business with individuals on the OFAC list.  Avantus denies any remaining allegations in paragraph 21.

22.     Avantus offers a product which conducts a search of the OFAC and includes the results of this search on the consumer report.

**ANSWER:**     Avantus admits that some of the consumer reports that Avantus sells to its end users contain information on potential OFAC list matches.

23.     Avantus conducts this search using only the name of the individual who is the subject of the consumer report as a matter of standardized practice, despite the available guidance from the Third Circuit in *Cortez* and the Ninth Circuit in *Ramirez*.

**ANSWER:**     Avantus denies the allegations in paragraph 23 of the Complaint.

24.     Avantus fails to follow reasonable procedures to assure the maximum possible accuracy of the OFAC information it sells about consumers, regularly making inaccurate associations between innocent people with criminals on the OFAC list.

**ANSWER:**     Avantus denies the allegations in paragraph 24 of the Complaint.

25.     Avantus's practices for including references to OFAC information on the consumer reports it sells are uniform and not unique to each consumer or transaction.

**ANSWER:**     Avantus denies the allegations in paragraph 25 of the Complaint.

26.     Avantus fails to use all of the available information about consumers to determine whether to associate them with criminal on the OFAC list, and does not use the available information to rule out clear mismatches, even when they are evident on the face of the report.

**ANSWER:**     Avantus denies the allegations in paragraph 26 of the Complaint.

27.     Defendant does this because it wants to provide some OFAC-related information to its customers (accurate or not), in order to maximize its profits and advertise that its products "work."

**ANSWER:**     Avantus denies the allegations in paragraph 27 of the Complaint.

28.     Defendant thus intentionally employs procedures that maximize the likelihood of a match between a data on the OFAC list and consumers, compromising accuracy.

**ANSWER:**     Avantus denies the allegations in paragraph 28 of the Complaint.

29.     Defendant's reporting of OFAC reporting is furthermore misleading because it inaccurately suggests that the search of the OFAC list has been conducted by some other entity, stating that "your credit provider has checked the applicant(s) name(s) supplied by the borrower" against the OFAC list, and that the OFAC message is "returned by your credit provider."

**ANSWER:**     Avantus denies the allegations in paragraph 29 of the Complaint.

30.     It is Avantus, and not any other entity, that decides whether to place an OFAC alert on one of its credit reports, as Avantus clearly states in its own marketing materials.

**ANSWER:**     Avantus denies the allegations in paragraph 30 of the Complaint. Avantus searches the OFAC list using the limited information that the Department of Treasury makes available.

31.     Defendant's reporting of OFAC alert information is not accidental, but instead a result of deliberately designed policies and procedures.

**ANSWER:**     Avantus admits the allegations in paragraph 31 of the Complaint.

32.     At all relevant times, Defendant's conduct, as well as that of its agents, servants, and/or employees who were acting within the course and scope of their agency or employment and

under the direct supervision and control of Defendant, was intentional, willful, reckless, and in grossly negligent disregard for the rights of consumers, including Plaintiff.

**ANSWER:**   Avantus denies the allegations in paragraph 32 of the Complaint.

**D.      The Experience of Plaintiff Marvel Martinez**

33.     On or around September 6, 2020, Plaintiff applied for pre-approval for a mortgage with Nexa Mortgage Group, LLC ("Nexa"), and provided his full name, date of birth, address, and social security number on the application.

**ANSWER:**   Avantus lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and therefore denies the same.

34.     Nexa requested a consumer report about Plaintiff from Avantus, and provided Plaintiff's full personal identifying information.

**ANSWER:**   Avantus admits the allegations in paragraph 34 of the Complaint.

35.     On September 6, 2020, Avantus prepared and sold to Nexa a consumer report about Plaintiff.

**ANSWER:**   Avantus admits the allegations in paragraph 35 of the Complaint.

36.     Avantus included on the first page of the report, under the header "FRAUD MESSAGES" the OFAC record of a "Maria Icela Chavez Martinez," a Mexican drug trafficker with the date of birth November 7, 1967.

**ANSWER:**   Avantus admits that, based on its search of the OFAC list using the identifying information provided by its subscriber and the limited information that the Department of Treasury makes available, it included a potential OFAC match for the name "Maria Icela Chavez Martinez" on Plaintiff's consumer report.

37.     Plaintiff is not on the OFAC list or any other government watch list, and his name does not match any name on the OFAC SDN list.

**ANSWER:**   Avantus lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 37 of the Complaint, and therefore denies the same.

38.    Plaintiffs year of birth is 1984.

**ANSWER:**   Avantus lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 38 of the Complaint, and therefore denies the same.

39.    The only item of matching information between Plaintiff and the OFAC record is the very common last name "Martinez."

**ANSWER:**   Avantus denies the allegations in paragraph 39 of the Complaint.

40.    Despite having been provided with Plaintiff's full name, address, social security number, and date of birth, Avantus used a loose partial name matching procedure to determine whether to include the OFAC information on the consumer report.

**ANSWER:**   Avantus admits that it used Plaintiff's full name to conduct a search of the OFAC list. The OFAC record included in Plaintiff's complaint does not include a social security number, and therefore Avantus could not use that information as search criteria. Avantus denies the remaining allegations in paragraph 40 of the Complaint.

41.    Plaintiff's application for mortgage pre-approval was denied based upon the OFAC information on the report.

**ANSWER:**   Avantus lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 41 of the Complaint, and therefore denies the same.

42.    Plaintiff was furthermore told that no mortgage lender would make a loan to him based upon the OFAC information on the report.

**ANSWER:**   Avantus lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 42 of the Complaint, and therefore denies the same.

10

43.     As a result of Avantus's inaccurate reporting of the OFAC information, Plaintiff was denied credit, and sustained other damages including harm to reputation and emotional distress.

**ANSWER:**     Avantus denies that it inaccurately reported information about Plaintiff, and further denies that Plaintiff suffered any harm as a result of Avantus' conduct.  Avantus lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 43, and therefore denies the same.

## CLASS ACTION ALLEGATIONS

44.     Plaintiff brings this action on behalf of the following Class:

All natural persons residing in the United States and its Territories about whom Defendant sold a consumer report to a third party that included any OFAC record, during the period beginning five (5) years prior to the filing of the Complaint and continuing through the date of the resolution of this case.

**ANSWER:**     Avantus admits that Plaintiff seeks to bring this action on behalf of the proposed class defined in paragraph 44 of the Complaint.  Avantus denies that certification of the proposed class is appropriate, and denies any remaining allegations in paragraph 44 of the Complaint.

45.     Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

**ANSWER:**     Avantus admits that Plaintiff purports to reserve the right to amend the definition of the proposed class, but Avantus denies that Plaintiff can state a claim against Avantus as a matter of law.  Avantus therefore denies the allegations in paragraph 45.

46.     **Numerosity. Fed. R. Civ. P. 23(a)(1).** The members of the Class are so numerous that joinder of all is impractical. Upon information and belief, the number of consumers harmed by Defendant's practices are more numerous than what could be addressed by joinder, and those

persons' names and addresses are identifiable through documents or other information maintained by Defendant.

**ANSWER:**   Paragraph 46 states a legal conclusion to which no response is required.  To the extent a response is required, Avantus denies the allegations in paragraph 46 of the Complaint. Avantus specifically denies that the members of the putative class are ascertainable.  Once those individuals with a potential OFAC match are identified, Avantus has no ability to determine whether those potential matches were accurate, and therefore it is the end-user's responsibility to conduct further inquiry.  The finder of fact would have to hear evidence regarding each individual who had a potential match to determine whether the information reported was accurate and if each individual had alleged actual damages as a result of the purported error.

47.   **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class, and predominate over the questions affecting only individuals. The common legal and factual questions include, among others: (1) whether Avantus maintains reasonable procedures to assure maximum possible accuracy of the OFAC information on its consumer reports; and (2) whether Avantus acted willfully or negligently.

**ANSWER:**   Paragraph 47 states a legal conclusion to which no response is required.  To the extent a response is required, Avantus denies the allegations in paragraph 47 of the Complaint. Avantus specifically denies that there are common questions of law and fact.  Once those individuals with a potential OFAC match are identified, Avantus has no ability to determine whether those potential matches were accurate, and therefore it is the end-user's responsibility to conduct further inquiry.  The finder of fact would have to hear evidence regarding each individual

who had a potential match to determine whether the information reported was accurate and if each individual had alleged actual damages as a result of the purported error.

48.     **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of each Class Member. Plaintiff has the same claims for relief that he seeks for absent Class Members.

**ANSWER:**     Paragraph 48 states a legal conclusion to which no response is required.  To the extent a response is required, Avantus denies the allegations in paragraph 48 of the Complaint. Avantus specifically denies that it is possible to ascertain whether Plaintiff's claims are typical of those of the putative class.  Once those individuals with a potential OFAC match are identified, Avantus has no ability to determine whether those potential matches were accurate, and therefore it is the end-user's responsibility to conduct further inquiry.  The finder of fact would have to hear evidence regarding each individual who had a potential match to determine whether the information reported was accurate and if each individual had alleged actual damages as a result of the purported error.

49.     **Adequacy. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests are aligned with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Class.

**ANSWER:**     Avantus denies the allegations in paragraph 49 of the Complaint.

50.     **Predominance and Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would

13

prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class to individually redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

**ANSWER:**   Avantus denies the allegations in paragraph 50 of the Complaint. Specifically, Avantus denies that common questions of law and fact predominate over individual questions in the proposed class, as the proposed class, as defined, includes individuals who lack Article III standing to bring a claim under the FCRA against Avantus.

## CAUSE OF ACTION

### COUNT I
### (CLASS CLAIM)
### 15 U.S.C. § 1681e(b)

51.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length here.

**ANSWER:**   Avantus restates and reincorporates its responses to each of the preceding paragraphs as though set forth fully herein.

52.    Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable for negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it sold in violation of 15 U.S.C. § 1681 e(b).

14

**ANSWER:**    Avantus denies the allegations in paragraph 52 of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for relief as follows:

a.      An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

b.      An award of actual, statutory and punitive damages for Plaintiff and the Class;

c.      An award of pre-judgment and post-judgment interest as provided by law;

d.      An award of attorney's fees and costs; and

e.      Such other relief as the Court deems just and proper.

**ANSWER:**    Avantus denies that Plaintiff is entitled to the relief requested, or any relief whatsoever, in connection with the claims asserted against Avantus in Plaintiff's Complaint. Avantus further denies that certification of the proposed class is appropriate.

## TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

**ANSWER:**    Plaintiff's jury demand does not require a response. To the extent a response is required, Avantus reserves the right to object to the submission of any question or issue to a jury.

## AFFIRMATIVE DEFENSES

Avantus asserts the following Affirmative Defenses based upon information currently available to it:

15

### First Affirmative Defense

### (Failure to State a Claim)

Plaintiff's claims are barred because he has failed to state a claim upon which relief may be granted pursuant to 15 U.S.C. § 1681e(b).

### Second Affirmative Defense

### (Avantus' Compliance with FCRA)

Plaintiff's claims are barred because Avantus has, at all material times with respect to Plaintiff, complied fully with its obligations under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and all applicable laws.

### Third Affirmative Defense

### (No Negligent FCRA Violation)

Plaintiff cannot prove negligent failure to comply with the FCRA because he cannot show a causal relationship between the alleged FCRA violation of Avantus and Plaintiff's claimed harm.

### Fourth Affirmative Defense

### (No Willful FCRA Violation)

Plaintiff cannot prove willful failure to comply with the FCRA because he cannot show that Avantus either knowingly or recklessly violated the FCRA.

### Fifth Affirmative Defense

### (Reasonable Procedures)

Plaintiff cannot prove that Avantus violated the FCRA because Avantus is subject to the reasonable procedures requirement of 15 U.S.C. § 1681e(b), which was fulfilled.

### Sixth Affirmative Defense

### (Accurate Reporting)

Plaintiff cannot prove that Avantus violated the FCRA because Avantus accurately reported information from a source that it reasonably believed to be reliable.

### Seventh Affirmative Defense

### (FCRA Compliance)

Plaintiff's claims are barred because at all relevant times Avantus maintained reasonable policies and procedures to ensure compliance with the FCRA.

### Eighth Affirmative Defense

### (No Causation)

Plaintiff's allegations that he would have been harmed are speculative at best, because he was never denied a loan as a result of any act or omission of Avantus.

### Ninth Affirmative Defense

### (Intervening Cause)

Any harm suffered by Plaintiff was caused by Plaintiff's own acts or omissions or the acts or omissions of third parties over which Avantus has no control or authority. Specifically, the loan officer at Nexa with whom Plaintiff communicated should have evaluated the "potential name match" information in Plaintiff's consumer report to determine that the person referenced in the fraud alert was someone other than Plaintiff. *See Erickson v. First Advantage Background Services Corp.*, 981 F.3d 1246 (11th Cir. 2020).

4827-0068-8602.4

## Tenth Affirmative Defense

### (No Punitive Damages)

Plaintiff's request for punitive damages is barred because he has failed to adequately allege that Avantus had the requisite intent or acted with reckless disregard for Plaintiff's rights, as required to support a claim for punitive damages.

## Eleventh Affirmative Defense

### (Failure to Mitigate Damages)

Plaintiff has failed to mitigate his damages, if any. Had Plaintiff contacted Avantus to dispute the fraud alert appearing on his consumer report, it would have been promptly removed.

## Twelfth Affirmative Defense

### (Class Certification Not Proper)

Plaintiff's claims are not properly maintainable as a class action because Plaintiff does not, and cannot, satisfy the requirements of Federal Rule of Civil Procedure 23. Plaintiff cannot establish that he was or is similarly situated to potential members of the class action and cannot meet his burden of satisfying the prerequisites of commonality, typicality, numerosity, and adequacy. Specifically, Plaintiff's proposed class cannot be certified as defined as it includes individuals who lack Article III standing to pursue claims under the FCRA.

## Reservation of Additional Affirmative Defenses

Avantus reserves the right to supplement and add affirmative defenses as they become known during the course of this litigation.

**WHEREFORE**, Avantus denies that Plaintiff is entitled to judgment against it, and specifically denied that it is liable to Plaintiff in any way. Avantus therefore demands judgment in its favor and such other relief as this court deems just and proper.

4827-0068-8602.4

Dated this 11th day of February 2021.

/s/Stephen P. Brown
Stephen P. Brown (ct19876)
Wilson Elser Moskowitz Edelman & Dicker LLP
1010 Washington Boulevard
Stamford, CT 06901
(203) 388-2450
stephen.brown@wilsonelser.com

*Attorneys for Defendant Consolidated Information
Services Solutions, LLC (d/b/a Avantus, LLC)*

4827-0068-8602.4

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2021, a copy of the foregoing Notice of Appearance was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

(ct19876) _____

Stephen P. Brown, Esq.

4827-0068-8602.4