UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARVEL MARTINEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AVANTUS, LLC, and Xactus, LLC, d/b/a Avantus, as successor in interest to certain assets of Avantus, LLC,<br><br>Defendants. | Civil Action No. 3:20-cv-1772-JCH |

## FINAL APPROVAL ORDER

This matter, having come before the Court on the Plaintiff Marvel Martinez's motion for Final Approval of the proposed class action Settlement with Defendants Avantus, LLC and Xactus, LLC d/b/a Avantus as successor in interest to certain assets of Avantus, LLC; the Court having considered all papers filed and arguments made with respect to the Settlement, and having entered a Preliminary Approval Order on November 14, 2023 (ECF 104); and the Court, being fully advised in the premises, finds that:

      A.    As set forth in the Court's Class Certification Order (ECF 84) and Preliminary Approval Order, this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b)(3).

      B.    Notice to the Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Settlement Notice Plan approved by the Preliminary Approval Order. That Settlement Notice Plan, which provided notice

by mail and website in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies Rule 23(e) and the due process guarantees of the U.S. Constitution.

   C. Notification of this settlement to the appropriate federal and state officials pursuant to the Class Action Fairness Act ("CAFA") was timely provided. The Court has reviewed such CAFA Notice and finds that the notice complies fully with the applicable requirements of CAFA.

   D. Class Representative and Class Counsel have adequately represented the Class.

   E. The Settlement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the Parties, including a mediation with an experienced neutral, and is supported by the Class Representative.

   F. The Settlement is fair, reasonable and adequate to members of the Class in light of the complexity, expense, and duration of litigation, the effectiveness of the proposed method of distributing relief to the Class, the terms and timing of any award of attorneys' fees, and the risks involved in establishing liability and damages, and in maintaining the class action through trial and appeal.

   G. The Settlement treats Class Members equitably relative to each other.

   H. The relief provided under the Settlement constitutes fair value given in exchange for the releases of claims against the Released Parties.

   I. It is in the best interests of the Parties and the Class Members, and consistent with principles of judicial economy, that this Court shall retain jurisdiction over

the interpretation, implementation, and performance of the Settlement and this Final Approval Order.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. The Settlement submitted by the Parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Class Members. Any objections have been considered and are hereby overruled.

2. The Parties are directed to consummate the Agreement in accordance with its terms.

3. This action is hereby dismissed on the merits with prejudice, and without an award of costs or fees to any party.

4. Pursuant to the releases contained in Section 13 of the Agreement, the claims of the Class Representative and the Class Members are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Final Approval Order. The Plaintiff, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the released claims against any of the Released Parties, as set forth in the Agreement.

5. Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over the interpretation, implementation, and performance of the Settlement and this Final Approval Order.

6. Upon consideration of Class Counsel's Fee Petition, the Court has entered a separate order awarding reasonable fees and expenses, from the Settlement Fund, in an amount as set forth in that order.

7. Upon consideration of the application for a Service Award, Class Representative Marvel Martinez is awarded the sum of fifteen thousand dollars ($15,000.00) from the Settlement Fund in consideration of the valuable service he has performed for and on behalf of the Class.

8. All Class Members shall be bound by all of the terms, conditions and obligations of the Agreement, and all determinations and judgments in the Litigation concerning the Settlement.

9. Neither the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any party of the truth of any allegation in the Litigation or of any liability, fault or wrongdoing of any kind.

10. Operation Hope is designated as *cy pres* recipient pursuant to Section 5.2(g) of the Settlement Agreement.

11. Final Judgment is hereby entered in this action, consistent with the terms of the Agreement.

Dated: Feb. 27, 2024

BY THE COURT:

/s/ Janet C. Hall
HON. JANET C. Hall
UNITED STATES DISTRICT JUDGE